USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/22/2022

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DAKA RESEARCH INC.,** | Civil Action No: 22-cv-03150 |
| **Plaintiff,** | |
| **v.** | Honorable Valerie E. Caproni |
| **Shenzhen Bali Electronic Technology Co., Ltd. Storefront, and bad87hs Storefront,** | Honorable Magistrate Judge Barbara C. Moses |
| **Defendants.** | |

## DEFAULT JUDGMENT

THIS CASE having been commenced by Plaintiff Daka Research Inc. against the Defendants Shenzhen Bali Electronic Technology Co., Ltd. Storefront, and bad87hs Storefront (together the "Defaulting Defendants") and Plaintiff having moved for entry of Default and Default Judgment against the Defaulting Defendants;

THE COURT having determined that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including New York, by offering to sell and shipping infringing products to this Judicial District that infringe on one or more claims of Plaintiff's U.S. Patent No. D594,303 ("the '303 Patent" or "Asserted Patent").

Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or email, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording it the opportunity to answer and present its objections;

and

Defaulting Defendants having failed to show cause why default judgment should not be entered against them because they failed to meet the Court's deadline to seek new counsel after terminating their counsel and otherwise failed to respond to the Court's order that entities cannot appear in federal court *pro se*;

IT IS HEREBY ORDERED that Plaintiff's Order to Show Cause Why Default Judgment and Permanent Injunction Should Not Be Entered is GRANTED in its entirety.

Accordingly, this Court ORDERS that:

1.    Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

a.    from manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products that infringing upon the '303 Patent;

b.    from secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any Infringing Products; (ii) any evidence relating to the infringing activities; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, Defaulting Defendants, including, but not limited to, any assets held by or on behalf of Defaulting Defendants;

c.    from effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2.    Upon Plaintiff's request, any third party with actual notice of this Order who is providing

services for the Defaulting Defendants, or in connection with Defaulting Defendants' Online Marketplace, including, without limitation, any online marketplace platform such as eBay Inc. ("eBay"), Amazon.com, Inc. ("Amazon") (collectively, the "Third Party Providers") shall within ten (10) business days after receipt of such notice disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the '303 Patent.

3.       Plaintiff may serve this Order on Third Party Providers, including PayPal, Inc. ("PayPal"), and Amazon Pay, by e-mail delivery to the e-mail addresses Plaintiff used to serve the Final Default Judgment on the Third-Party Providers.

4.       Any Third-Party Providers holding funds for Defaulting Defendants, including PayPal, and Amazon Pay, shall, within ten (10) business days of receipt of this Order, permanently restrain and enjoin any financial accounts connected to Defaulting Defendants' Seller Aliases or Online Marketplaces from transferring or disposing of any funds, up to the above identified damages award, or other of Defaulting Defendants' assets.

5.       The Court's determination of Plaintiff's damages is held in abeyance pending submission of a separate motion by Plaintiff addressing damages, as set forth in Dkt. 57.

6.       Until Plaintiff has recovered full payment of monies owed to it by Defaulting Defendants, Plaintiff shall have the ongoing authority to serve this Order on Third-Party Providers, including PayPal, and Amazon Pay, in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Third-Party Providers, including PayPal, and Amazon Pay, shall within ten (10) business days:

      a.   locate all accounts and funds connected to Defaulting Defendants' Seller Aliases and Online Marketplaces, including, but not limited to, any financial accounts connected

to the information listed in Complaint, and any e-mail addresses provided for Defaulting Defendants by third parties; and

b.   restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets.

Dated*: November 22, 2022

Honorable Judge Valerie E. Caproni